W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
CIVIL CASE DOCKETS

Webb County Courts                                      PAGE      1
DATE   8/28/12                                          MV0260
TIME   8:29:38                                          DCSL

===============================================================================

CASE NUMBER . . . . : 2012CVT001144 D3    CASE TYPE : T08   MOTOR VEHICLE ACCIDEN
PLAINTIFF . . . . . : VELA,JOSE,ANGEL,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : VILLARREAL,JAVIER,,          PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 2401 WILDFLOWER DRIVE SUITE A
                      BROWNSVILLE                  TX   78526


    VS.

DEFENDANT NAME  . . : FORD,GERALD,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 2866 WESTVILLE LAKE ROAD
                      BELOIT                       OH   44609
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 7/31/2012
CASE DISPOSITION  . :              DISPOSITION DATE  :

DEFENDANT NAME  . . : FAF INC,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 7/31/2012
CASE DISPOSITION  . :              DISPOSITION DATE  :

ENTRY/FILING DATE . : 7/31/2012

JUDGE . . . . . . . : E.T.S.E.
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :              IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG*INJURY OR DAMAGE
COMPLAINT DATE  . . : 7/31/2012    COMPLAINT AMOUNT  :
INTEREST DATE . . . :              INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :              COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :              TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :              GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                           ACTIVITY TYPE
-------------  --------------------------------------------   -------------
 7/31/2012     Case Status                                    CaseStatus
      Case Status entered as ACTV.
      Case Status ACTV: Active
      For GERALD FORD
             Complaint                                        Complaint
       *IMG*INJURY OR DAMAGE

W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
CIVIL CASE DOCKETS

Webb County Courts                                          PAGE       2
DATE    8/28/12                                             MV0260
TIME    8:29:38                                             DCSL

==================================================================

CASE NUMBER . . . . : 2012CVT001144 D3    CASE TYPE : T08  MOTOR VEHICLE ACCIDEN

8/01/2012    Court Case Assignment                         Case Assgn
        Court date/time: 10/01/2012  13:00   Hearing Type:   17 Clndr Call
        Assignment of court date/time.
        Status entered as Open
             Notes                                         Notes
        CALENDAR CALL FAXED TO ATTORNEY JAVIER VILLARREAL.   (LT)
             Issuance                                      Issuance
        *IMG*(2) CITATIONS ISSUED TO GERALD FORD AND (2) CITATIONS ISSUED TO
        FAF INC AND PLACED IN PRIVATE SERVER BOX AS PER LEGAL ASST. CLAUDIA.
        (LT)
             Jury Fee                                      Jury Fee
        JURY DEMAND PAID BY ATTORNEY JAVIER VILLARREAL.  (LT)

A True copy of the original, I certify,
_____ day of _____ , 20 __
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

AUG. 01. 2012. WED 01:52 PM    J VILLARREAL LAW OFF      FAX No. 956 550 0877         P. 002

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 2012CVT001144D3   COURT *(FOR CLERK USE ONLY):* 341st

STYLED Jose Angel Vela v. Gerald Ford and FAF, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Javier Villarreal   **Email:** jv@jvlawfirm.com | **Plaintiff(s)/Petitioner(s):** Jose Angel Vela | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 2401 Wild Flower Drive   Suite A   **Telephone:** 956-544-4444 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Brownsville, Texas 78526   **Fax:** 956-550-0877 | **Defendant(s)/Respondent(s):** Gerald Ford and   FAF, Inc. | Custodial Parent: |
| | | Non-Custodial Parent: |
| **Signature:**   **State Bar No:** 24028097 | | Presumed Father: |
| | *[Attach additional page as necessary to list all parties]* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☒Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | | | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

Filed
12 July 31 P4:23
Esther Degollado
District Clerk
Webb District
2012CVT001144D3
*Linda Torres*

NO. 2012CVT001144D3

| | | |
|---|---|---|
| JOSE ANGEL VELA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 341st JUDICIAL DISTRICT |
| | § | |
| GERALD FORD AND | § | |
| FAF, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Jose Angel Vela, hereinafter called Plaintiff, complaining of and about Gerald Ford and FAF, Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### 1.
### DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.
### ATTACHED DISCOVERY

2.1    Attached, please find Plaintiff's Request for Disclosures; Plaintiff's First Set of Interrogatories and Request for Production; and Plaintiff's Request for Admissions to Defendant, Gerald Ford. (*See* Exhibits A, B and C). Further, please find Plaintiff's Request for Disclosures; Plaintiff's First Set of Interrogatories and Request for Production; and Plaintiff's Request for Admissions to Defendant FAF, Inc. (*See* Exhibits D, E and F).

## 3.
## PARTIES AND SERVICE

3.1    Plaintiff, Jose Angel Vela, is an Individual whose address is 904 Ryan, Laredo, Texas 78041.

3.2    Defendant, Gerald Ford, is an Individual who is a resident of Ohio, may be served with process at his residence at the following address: 2866 Westville Lake Road, Beloit, Ohio 44609.  Service of said Defendant as described above can be effected by personal delivery.

3.3    Defendant FAF, Inc., is a Corporation based in Tennessee and organized under the laws of the State of Tennessee.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, National Corporate Research, LTD., Inc. at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051, its registered office.  Service of said Defendant as described above can be effected by certified mail.

## 4.
## JURISDICTION AND VENUE

4.1    The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendant FAF, Inc. because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Furthermore, the assumption of jurisdiction over FAF, Inc. will not offend traditional notions of fair play and is consistent with the constitutional requirements of due process.

4.2   Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## 5.
## FACTUAL BACKGROUND
### The Collision

5.1   This lawsuit concerns a severe motor vehicle collision which occurred on August 30, 2010.  The collision occurred between a 2005 Cadillac CTS which was driven by the Plaintiff, Jose Angel Vela, and a commercial tractor-trailer operated by Gerald Ford, under the authority and control of the Defendant, FAF, Inc.

5.2   The vehicular collision, which is the subject of this cause of action, occurred on a Monday morning on the 3900 block number of Saunders Street, within the city limits of Laredo, Texas.  With respect to the area where the collision occurred, Saunders Street has three eastbound lanes and three westbound lanes.  It should be noted that Saunders Street is generally a busy thoroughfare and that there was a considerable amount of vehicular traffic in the area where the collision occurred.

5.3   Immediately prior to and at the time of the collision, Plaintiff, Jose Angel Vela, was traveling eastbound on Saunders Street.  At the same time, Defendant, Gerald Ford was traveling in the lane next to the Plaintiff.  The incident ensued when suddenly and without warning Gerald Ford made an illegal U-turn maneuver into Plaintiff's lane of travel and thereby broadsiding Plaintiff.

5.4   The following is a sketch excerpted from the official police report which was made by the police officer who investigated the collision, Officer Ulises Reyes of the Laredo Police Department:



5.5     Officer Reyes found that Gerald Ford was wholly responsible for causing this collision because he changed lanes when unsafe, citing him accordingly.

The Injuries

5.6     As a result of this incident, Jose Angel Vela suffered extensive physical and emotional injuries.  He was diagnosed with lumbar syndrome and multiple disc herniations to his back.  In addition, Mr. Vela sustained right and left knee medial meniscal tears and ligament strains. Mr. Vela has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the dissatisfactory results obtained from the pain management, he decided to undergo lumbar epidural steroid injections to alleviate the unbearable pain to his back.  Mr. Vela was healthy prior to this collision.  He is now limited in his daily activities and continues to suffer from excruciating pain since the day of the collision.

<u>The Employment Relationship Between the Defendant and</u>
<u>The Resulting Vicarious Liability</u>

5.7    At the time of the collision which is the subject of this cause of action, and at all other relevant times, Gerald Ford was an employee of FAF, Inc., who was acting within the course and scope of his employment.  In this regard, Gerald Ford was an employee insofar as the master-servant relationship under common law is concerned.

5.8    Alternatively, and at all relevant times herein, Gerald Ford was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier (such as FAF, Inc.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, FAF, Inc., had exclusive control of the tractor-trailer which Gerald Ford was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, FAF, Inc., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Gerald Ford.

5.9    Alternatively, FAF, Inc., is vicariously liable with respect to all negligence of Gerald Ford under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

## 6.
## – NEGLIGENCE OF GERALD FORD & RESPONDEAT SUPERIOR –

6.1    At the time of the occurrence of the act in question and immediately prior thereto, Gerald Ford was within the course and scope of employment and within the general authority of the Defendant, FAF, Inc.

6.2    At the time of the occurrence of the act in question and immediately prior thereto, Gerald Ford was engaged in the furtherance of the Defendant's business and for the accomplishments of the Defendant's business.

6.3    Defendant, Gerald Ford had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.4    The negligent, careless and reckless disregard of duty of the Defendant's employee, Gerald Ford, consisted of, but is not limited to, the following acts and omissions:

6.4.1  In that Gerald Ford failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.4.2  In placing Plaintiffs in a position of peril due to Gerald Ford's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

6.4.3  In that Gerald Ford failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant Gerald Ford's motor vehicle which would permit Defendant Gerald Ford to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

6.4.4  In that Gerald Ford operated his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances in violation of §542.206 of the Texas Transportation Code; and

6.4.5  In that Gerald Ford attempted an illegal u-turn while Plaintiff's motor vehicle was next to the tractor trailer.

6.5    The physical injuries and damages incurred by the Plaintiff were proximately caused by Gerald Ford's negligent operation of Defendant's company vehicle.

6.6    Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, FAF, Inc. for the negligent act of its employee, Gerald Ford.

**7.**
## PLAINTIFF'S CLAIM OF
## – NEGLIGENCE AGAINST FAF, INC. –

7.1    On August 30, 2010, Defendant FAF, Inc. was the owner of the vehicle operated by Gerald Ford.  Defendant FAF, Inc. negligently entrusted the vehicle to Gerald Ford, a reckless and incompetent driver.  Defendant FAF, Inc. knew, or through the exercise of reasonable care should have known, that Gerald Ford was a reckless and incompetent driver.

7.2    Furthermore, and alternatively, FAF, Inc., owed Plaintiff a duty to hire, supervise, train and retain competent employees.  Defendant breached that duty by negligently training, supervising, hiring and retaining Gerald Ford, consisting of, but not limited to the following:

> 7.2.1  In failing to exercise ordinary care in implementing adequate training procedures for drivers;

> 7.2.2  In failing to exercise ordinary care in implementing adequate continued education for all drivers;

> 7.2.3  In failing to exercise ordinary and adequate daily supervision procedures; and

> 7.2.4  In failing to adequately screen Gerald Ford's driving record prior to hiring him.

7.3    Each of the aforementioned negligent acts or omissions of the Defendant, FAF, Inc., constituted a proximate cause of the collision, resulting in damages and injuries to the Plaintiff.

**8.**
## VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

8.1    In addition to duties which the Defendant and its employee owed the motoring public under the common laws of this state, the Defendant and its employee

owed duties under the Federal Motor Carrier Safety Regulations ("FMCSR").  According to the FMCSR, FAF, Inc., was a motor carrier and/or operator of the commercial motor vehicle which Gerald Ford was driving at the time of this incident.  As such, Defendant's employee, Gerald Ford, is deemed to have violated the Code of Federal Regulations in the following ways:

8.1.1   In failing to operate the commercial vehicle in accordance with the laws, ordinances and regulations of the jurisdiction in which it is being operated as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances, to such an extent as his conduct would result in disregard for the safety of Plaintiff (49 CFR § 392.2);

8.1.2   In failing to have the required  knowledge in the proper use of the tractor-trailer's safety system, including lights, horns, side and rear view mirrors, proper mirror adjustments, and vehicle operation characteristics. (49 CFR § 383.111);

8.1.3   In failing to do a proper visual search of his surrounding by the use of mirrors, ahead and to the sides in order to avoid colliding with Plaintiff (49 CFR § 383.111 (c)(5)); and/or

8.1.4   In failing to communicate with surrounding traffic by using lights to signal his change in direction or change in speed and using his horn to signal his presence (49 CFR § 383.111(c)(6)).

8.2     Each of the aforementioned negligent acts or omissions of Defendant's employee, Gerald Ford, constituted a proximate cause of the collision, resulting in damages and injuries to the Plaintiff.

8.3     With respect to the actual damages caused by Defendant's employee, Gerald Ford, it is noted that FAF, Inc., is vicariously liable, jointly and/or severally, with respect to all such damages.  This is the result of the application of the doctrine of *respondeat superior*, as described more particularly herein.

**9.**

## DAMAGES FOR PLAINTIFF, JOSE ANGEL VELA

9.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jose Angel Vela, was caused to suffer bodily injury and to incur the following damages:

> 9.1.1  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jose Angel Vela for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;
>
> 9.1.2  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> 9.1.3  Physical pain and suffering in the past and in the future;
>
> 9.1.4  Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;
>
> 9.1.5  Loss of earnings in the past and which will, in all probability, be incurred in the future; and
>
> 9.1.6  Mental anguish in the past and in the future.

9.2    Plaintiff affirmatively pleads that he seeks monetary relief aggregating no more than $1,000,000.00 excluding court costs, pre-judgment interests, and attorney's fees.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jose Angel Vela, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877

By: _/s/ Javier Villarreal_
Javier Villarreal
State Bar No. 24028097

Daniel Torres
Texas Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF DEMANDS TRIAL BY JURY**

NO. 2012CVT00114403

| | | |
|---|---|---|
| JOSE ANGEL VELA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 341st JUDICIAL DISTRICT |
| | § | |
| GERALD FORD AND | § | |
| FAF, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

# EXHIBIT A

NO. 2012CVT001144D3

| | | |
|---|---|---|
| **JOSE ANGEL VELA** <br> **Plaintiff,** | § <br> § <br> § | IN THE DISTRICT COURT |
| **V.** | § <br> § | 341st JUDICIAL DISTRICT |
| **GERALD FORD AND** <br> **FAF, INC.** <br> **Defendants.** | § <br> § <br> § <br> § | WEBB COUNTY, TEXAS |

---

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO
DEFENDANT, GERALD FORD**

---

**TO:**   Defendant, **GERALD FORD,** along with service of Plaintiff's Original Petition, by
serving Defendant at his home at the following address: 2866 Westville Lake Road,
Beloit, Ohio 44609.

   **NOW COMES PLAINTIFF, JOSE ANGEL VELA,** and serves these Request for

Disclosures to Defendant, **GERALD FORD,** under the provisions of Rule 194 of the Texas

Rules of Civil Procedure.

   Pursuant to Rule 194, you are requested to disclose, within 50 days after date of

service of this request, the information or material described in Rule 194.2(a)-(l) and set

forth below, at the address of the attorney for **PLAINTIFF.**

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877


By: /s/ Javier Villarreal
       Javier Villarreal
       State Bar No. 24028097

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above has been served upon Defendant, **GERALD FORD**, was forwarded in the required manner along with Service of Plaintiff's Original Petition by serving Defendant at his home at the following address: 2866 Westville Lake Road, Beloit, Ohio 44609.

/s/ Javier Villarreal

Javier Villarreal

## REQUESTS FOR DISCLOSURES

(a)    The correct names of the parties to the lawsuit.

**RESPONSE:**

(b)    State the name, address, and telephone number of each potential party.

**RESPONSE:**

(c)    The legal theories and, in general, the factual bases of your claims or defenses.

**RESPONSE:**

(d)    The amount and any method of calculating economic damages.

**RESPONSE:**

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

(f)    For any testifying expert:

    (1)    the expert's name, address, and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)    if the expert is retained by, employed by, or otherwise subject to the control of you:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)  the expert's current resume and bibliography.

**RESPONSE:**

(g)  Any discoverable indemnity and insuring agreements.

**RESPONSE:**

(h)  Any discoverable settlement agreements.

**RESPONSE:**

(i)  Any discoverable witness statements.

**RESPONSE:**

(j)  All medical records and bills that are reasonably related to the injuries and damages asserted or in lieu thereof, an authorization permitting the disclosure for such medical records and bills.

**RESPONSE:**

(k)  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

(l)  The name, address, and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

NO. 2012CVT001144D3

| | | |
|---|---|---|
| **JOSE ANGEL VELA**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **V.** | § | **341st JUDICIAL DISTRICT** |
| | § | |
| **GERALD FORD AND** | § | |
| **FAF, INC.** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

# EXHIBIT B

NO. 2012CVT001144D3

| | | |
|---|---|---|
| JOSE ANGEL VELA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 341st JUDICIAL DISTRICT |
| | § | |
| GERALD FORD AND | § | |
| FAF, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, GERALD FORD

**TO:** Defendant, **GERALD FORD,** along with service of Plaintiff's Original Petition, by serving Defendant at his home at the following address: 2866 Westville Lake Road, Beloit, Ohio 44609.

    **NOW COMES PLAINTIFF, JOSE ANGEL VELA,** pursuant to Rule 196 and 197 of the Texas Rules of Civil Procedure, and propounds the following Interrogatories and Production to **DEFENDANT, GERALD FORD.**

    You are notified that the plaintiff specified that the answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

    Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

    Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877


By: */s/ Javier Villarreal*

Javier Villarreal
State Bar No. 24028097

**COUNSEL FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above has been served upon Defendant,

**GERALD FORD**, was forwarded in the required manner along with Service of Plaintiff's

Original Petition by serving Defendant at his home at the following address: 2866 Westville

Lake Road, Beloit, Ohio 44609.


*/s/ Javier Villarreal*
Javier Villarreal

## INTERROGATORIES

### INTERROGATORY NO. 1
Please state your full name, address, telephone number, social security number, date of birth, driver's license number and occupation.

### ANSWER:


### INTERROGATORY NO. 2
Please state where you were employed on August 30, 2010 and whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

### ANSWER:


### INTERROGATORY NO.3
Is there any Insurance policy that may cover this accident (i.e. umbrella coverage/ homeowners insurance/ additional policies)?

### ANSWER:


### INTERROGATORY NO. 4
Please provide a list of all vehicles presently insured by you and provide the name of the insurance company along with the policy numbers.

### ANSWER:


### INTERROGATORY NO. 5
Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

### ANSWER:


### INTERROGATORY NO. 6
Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

### ANSWER:

**INTERROGATORY NO. 7**
Describe in detail any conversations you had with the plaintiff, any other party or witness to this accident.  Specifically, please detail to the best of your recollection what each person said.

**ANSWER:**


**INTERROGATORY NO. 8**
Describe any physical injuries that you witnessed **sustained by the plaintiff** or any other person involved in this accident.

**ANSWER:**


**INTERROGATORY NO. 9**
Describe any physical injuries **sustained by  you** as a result of this accident and the names of the medical providers that have treated you for these injuries.

**ANSWER:**


**INTERROGATORY NO. 10**
Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained **a written or recorded statement of any kind**, report or memorandum, whether recorded stenographically transcribed, oral or otherwise **from any person**.  If so, please identify the individual from whom the statement was taken and the date the statement was taken.  If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photocopy the same.

**ANSWER:**


**INTERROGATORY NO. 11**
As to each **motor vehicle accident** you have been involved in and each **traffic violation** for which you have either: paid a fine or attended a school in lieu of a fine, give the following information:

        a.     Where it occurred (State, City, County, Court).
        b.     When it occurred (Month, Day, Year).
        c.     All injuries claimed and when and where any claims or suits were filed.
        d.     Final disposition or current status of each traffic violation and accident.

**ANSWER:**

**INTERROGATORY NO. 12**
Would you be willing to sign a "Texas DPS Form" attached hereto so that any prior motor vehicle accidents and citations can be retrieved by Plaintiffs' counsel? If you are not willing to sign such a form, please explain why.

**ANSWER:**


**INTERROGATORY NO. 13**
Was anyone transported to the hospital as a result of this accident? If so, how many people did you witness transported?

**ANSWER:**


**INTERROGATORY NO. 14**
Can you please provide your cellular phone number at the time of the accident and provide the name of the service provider?

**ANSWER:**


**INTERROGATORY NO. 15**
Were you distracted in any way prior to the collision in question?

**ANSWER:**


**INTERROGATORY NO. 16**
Did you speak to the police officer at the scene of the accident? If your answer is "yes" please state what was said between you and the officer.

**ANSWER:**

**INTERROGATORY NO. 17**
Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and convictions, if any.

**ANSWER:**

**INTERROGATORY NO. 18**
State in detail what intoxication beverages, if any, you had consumed and what drugs and medications, if any, you had taken during the 24 hour period immediately preceding the collision.

**ANSWER:**

## VERIFICATION

**STATE OF TEXAS**                    §
                                      §
**COUNTY OF WEBB**                    §

     **BEFORE ME**, the undersigned authority, personally appeared **GERALD FORD**, who stated, upon oath, that he has read and understood each and every one of these interrogatories and that the answers provided are answers within his personal knowledge and that they are true and correct.

 

_____
    **GERALD FORD**

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by _____

 

_____
    Notary Public, State of Texas

## DOCUMENTS TO BE PRODUCED

1.    A photocopy of Defendant's Driver's License.

**RESPONSE:**

2.    A photocopy of all insurance coverage(s) and Declaration Page(s) for all of the Defendant's vehicles, including the one in question.

**RESPONSE:**

3.    A photocopy of any excess or umbrella policies that could potentially cover this incident.

**RESPONSE:**

4.    Please produce a signed copy of the Texas DPS Form attached to this Request for Production.

**RESPONSE:**

5.    A copy of all photographs taken of Defendant's vehicle after the accident by the insurance company, any of its representatives or by the Defendant personally.

**RESPONSE:**

6.    A copy of all photographs taken of Plaintiff's vehicle after the accident by the insurance company and/or any of its representatives.

**RESPONSE:**

7.    A copy of all repair estimates and/or repair invoices for Defendant's vehicle.

**RESPONSE:**

8.    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of **GERALD FORD's** attorney, Defendant's insurance company and/or anyone acting on **GERALD FORD's** behalf.

**RESPONSE:**

9.    All <u>written</u> statements made by the **GERALD FORD**, in the possession, constructive possession, custody or control of **GERALD FORD**, **GERALD FORD**'s attorney or anyone acting on **GERALD FORD**'s behalf.

**RESPONSE:**

10.   All <u>oral statements</u> made by **GERALD FORD**, which were either <u>recorded or taped</u> on any electronic device or recorder which are in the possession, constructive possession, custody or control of **GERALD FORD**, **GERALD FORD**'s attorney, Defendant's insurance company and/or anyone acting on **GERALD FORD**'s behalf.

**RESPONSE:**

11.   A curriculum vitae or resume for any and all consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**RESPONSE:**

12.   The curriculum vitae and reports prepared by any testifying experts in conjunction with this case.

**RESPONSE:**

13.   Any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this suit.

**RESPONSE:**

14.   A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

15.   A copy of any surveillance movies, photos, etc., of Plaintiffs.

**RESPONSE:**

16.     A list of the names and addresses of witnesses with knowledge of facts.

**RESPONSE:**

17.     A copy of your cell phone bill for the month of August 2010.

**RESPONSE:**

| Save Time - Request Your Driver Record Online www.texasonline.com | **TEXAS DPS** APPLICATION FOR COPY OF DRIVER RECORD | DR-1 (Rev. 5/04) |
|---|---|---|

**MAIL TO: Driver Records Bureau, Texas Department of Public Safety, Box 149246, Austin, TX 76714-9246**

| Make CHECK or MONEYORDER Payable To: TEXAS DEPARTMENT OF PUBLIC SAFETY | Any questions regarding the information on this form should be directed to Customer Service at 512-424-2600. Allow 2-3 weeks for delivery |
|---|---|

### Check Type of Record Desired

| | FEE |
|---|---|
| [___] 1.  Name - DOB - License Status - Latest Address. | $ 4.00 |
| [___] 2.  Name - DOB - License Status - List of Accidents/Moving Violations in Record within Immediate Past 3 Year Period. | $ 6.00 |
| [___] 2A. CERTIFIED version of #2. This Record is Not Acceptable for DDC Course. | $ 10.00 |
| [___] 3.  Name - DOB - License Status - List of ALL Accidents and Violations in Record. Furnished to Licensee ONLY. | $ 7.00 |
| [___] 3A. Certified version of #3. Furnished to Licensee ONLY and is Acceptable for DDC Course. | $ 10.00 |
| [___] Other: (Original Application, DWLS, etc.) [_____] | $|____|.00 (if Required) |

### Mail Driver Record To:   (Please Print or Type)

Requestor's Last Name

Requestor's First Name

Street Address

Texas Driver License Number

City            State      Zip Code        Daytime Telephone Number (include area code)

**If requesting on behalf of a business, organization, or other entity, please include the following:**

Name of business, organization, entity, etc

Your Title or Affiliation with above

Type of business, organization, etc. (i.e., insurance provider, towing company, private investigation, firm, etc.)

### Information Requested On:

Texas Driver License Number

Last Name

First Name

Middle Name-Maiden Name

Date of Birth

### Individual's Written Consent For *ONE TIME* Release to Above Requestor

(Requestor, if you do not meet one of the exceptions listed on the back of this form, please be advised that without the written consent of the driver license/ID card holder, the record you receive will not include personal information.)

I, _____, hereby certify that I granted access on this one occasion to my Driver License/ID Card record, inclusive of the personal information (name, address, driver identification number, etc.) to _____.

Signature of License/ID
Card Holder or
Parent/Legal Guardian _____     Date _____

### State and Federal Law Requires Requestors to Agree to the Following:

In requesting and using this information, I acknowledge that this disclosure is subject to the federal Driver's Privacy Protection Act (18 U.S.C. Section 2721 et seq.) and Texas Transportation Code Chapter 730. False statements or representations to obtain personal information pertaining to any individual from the DPS could result in the denial to release any driver record information to myself and the entity for which I made the request. Further, I understand that if I receive personal information as a result of this request, it may only be used for the stated purpose and I may only resell or redisclose the information pursuant to Texas Transportation Code §730.013. Violations of that section may result in a criminal charge with the possibility of a $25,000 fine.

I certify that I have read and agree with the above conditions and that the information provided by me in this request is true and correct. If I am requesting this driver record on behalf of an entity, I also certify that I am authorized by that entity to make this request on their behalf. I also acknowledge that failure to abide by the provisions of this agreement and any state and federal privacy law can subject me to both criminal and civil penalties.

Signature of Requestor _____     Date _____

NO. 2012CVT001144D3

| | | |
|---|---|---|
| JOSE ANGEL VELA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 341st JUDICIAL DISTRICT |
| | § | |
| GERALD FORD AND | § | |
| FAF, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

# EXHIBIT C

NO. 2012CVT001144D3

| | | |
|---|---|---|
| **JOSE ANGEL VELA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **341st JUDICIAL DISTRICT** |
| | § | |
| **GERALD FORD AND** | § | |
| **FAF, INC.** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

---

### PLAINTIFF'S REQUEST FOR ADMISSIONS
### TO DEFENDANT, GERALD FORD

---

**TO:**   Defendant, **GERALD FORD**, along with service of Plaintiff's Original Petition, by serving Defendant at his home at the following address 2866 Westville Lake Road, Beloit, Ohio 44609.

**NOW COMES PLAINTIFF, JOSE ANGEL VELA,** in the above styled and numbered cause, and pursuant to Rule 198 of the Texas Rules of Civil Procedure, makes the following Request for Admissions of Fact.

You are notified that Plaintiff demands that within 50 days after the service of these requests, Defendant, **GERALD FORD**, specifically admit or deny the facts requested as set forth on Exhibit "C." A failure to specifically answer any request, or an evasive answer to any request, will be taken as an admission of truth of such request.

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877


By: */s/ Javier Villarreal*

Javier Villarreal
State Bar No. 24028097

**COUNSEL FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above has been served upon Defendant,

**GERALD FORD**, was forwarded in the required manner along with Service of Plaintiff's

Original Petition by serving Defendant at his home at the following address: 2866 Westville

Lake Road, Beloit, Ohio 44609


*/s/ Javier Villarreal*

Javier Villarreal

## REQUESTS FOR ADMISSION

1.     Admit that **GERALD FORD** was the driver of the tractor-trailer that was involved in the incident made the basis of this suit.

**ANSWER:**

2.     Admit that at the time of the collision made the basis of this suit you were acting within the course and scope of your employment.

**ANSWER:**

3.     Admit that the vehicle driven by **GERALD FORD** was in a dangerous or unsafe condition at the time of the incident made the basis of this suit.

**ANSWER:**

4.     Admit that **GERALD FORD** did not maintain a proper lookout at the time of the incident made the basis of this suit.

**ANSWER:**

5.     Admit that **GERALD FORD** changed lanes when unsafe at the time of the incident made the basis of this suit and caused the accident.

**ANSWER:**

6.     Admit that **GERALD FORD** failed to control his speed, thereby causing the accident made the basis of this suit.

**ANSWER:**

7.     Admit that **GERALD FORD** was operating the tractor-trailer at an unsafe speed at the time of the collision, thereby causing the accident made the basis of this suit.

**ANSWER:**

8.    Admit that **JOSE ANGEL VELA,** was injured as a result direct and proximate result of **GERALD FORD's** negligence.

**ANSWER:**

9.    Admit that you were not wearing corrective lenses at the time made the basis of this suit.

**ANSWER:**

10.   Admit that **JOSE ANGEL VELA** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

11.   Admit that **JOSE ANGEL VELA** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

12.   Admit that **JOSE ANGEL VELA** incurred damages as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

13.   Admit that **JOSE ANGEL VELA** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future,

**ANSWER:**

14.   Admit that **JOSE ANGEL VELA** has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future.

**ANSWER:**

15.   Admit that **JOSE ANGEL VELA** has suffered mental anguish in the past and in the future.

**ANSWER:**

NO. 2012CVT001144D3

| | | |
|---|---|---|
| JOSE ANGEL VELA<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 341st JUDICIAL DISTRICT |
| | § | |
| GERALD FORD AND<br>FAF, INC.<br>Defendants. | § | |
| | § | WEBB COUNTY, TEXAS |

# EXHIBIT D

NO. 2012CVT001144D3

| | |
|---|---|
| **JOSE ANGEL VELA** <br> **Plaintiff,** | **IN THE DISTRICT COURT** |
| **V.** | **341st JUDICIAL DISTRICT** |
| **GERALD FORD AND** <br> **FAF, INC.** <br> **Defendants.** | **WEBB COUNTY, TEXAS** |

---

### PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT, FAF, INC.

---

**TO:** Defendant, **FAF, Inc.**, along with service of Plaintiff's Original Petition, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

   **NOW COMES PLAINTIFF, JOSE ANGEL VELA**, and serves this Request for Disclosure to Defendant, **FAF, Inc.**, under the provision of Rule 194 of the Texas Rule of Civil Procedure.

   Pursuant to Rule 194, you are requested to disclose, within 50 days after date of service of this request, the information or material described in Rule 194.2 (a)-(l) and set forth below, at the address of the attorney for the **Plaintiff.**

                                        Respectfully submitted,

                                        **VILLARREAL & BEGUM, PLLC**
                                        2401 Wild Flower Dr., Suite A
                                        Brownsville, Texas 78526
                                        Tel: (956) 544-4444
                                        Fax: (956) 550-0877

                                        By: /s/ Javier Villarreal
                                        Javier Villarreal
                                        State Bar No. 24028097

                                        Daniel Torres
                                        Texas Bar No. 24046985

                                        **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Plaintiff's Request for Disclosures to Defendant, **FAF, Inc.,** was forwarded, in the required manner along with Service of Plaintiff's Original Petition to Defendant at its place of business, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashvil.

/s/ Javier Villarreal
Javier Villarreal

## REQUESTS FOR DISCLOSURES

(a)   The correct name and address of the parties to the lawsuit.

**RESPONSE:**

(b)   State the name, address and telephone number of each potential party.

**RESPONSE:**

(c)   The legal theories and ,in general, the factual bases of your claims or defenses.

**RESPONSE:**

(d)   The amount and any method of calculating economic damages.

**RESPONSE:**

(e)   The name, address and telephone number of persons having knowledge of relevant facts, and brief statement of each identified person's connection with the case.

**RESPONSE:**

(f)   For any testifying expert:

    (1)   the expert's name, address and telephone number;

    (2)   the subject matter on which the expert will testify;

    (3)   the general substance of the expert's mental impression and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)   if the expert is retained by, employed by, or otherwise subject to the control of you:

        (A)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for the expert in anticipation of the expert's testimony; and

        (B)   the expert's current resume and bibliography.

**RESPONSE:**

(g)     Any discoverable indemnity and insuring agreements.

**RESPONSE:**

(h)     Any discoverable settlement agreements.

**RESPONSE:**

(i)     Any discoverable witness statements.

**RESPONSE:**

(j)     All medical records and bills that are reasonably related to the injuries and damages asserted or in lieu thereof, an authorization permitting the disclosure for such medical records and bills.

**RESPONSE:**

(k)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained bu the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**

(l)     The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

NO. 2012CVT001144D3

| | |
|---|---|
| JOSE ANGEL VELA<br>Plaintiff, | § IN THE DISTRICT COURT |
| V. | § 341st JUDICIAL DISTRICT |
| GERALD FORD AND<br>FAF, INC.<br>Defendants. | § WEBB COUNTY, TEXAS |

# EXHIBIT E

NO. 2012CVT001144D3

| | | |
|---|---|---|
| **JOSE ANGEL VELA**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | 341st **JUDICIAL DISTRICT** |
| | § | |
| **GERALD FORD AND**<br>**FAF, INC.** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
### REQUEST FOR PRODUCTION TO DEFENDANT, FAF, INC.

---

**TO:**   Defendant, **FAF, Inc.**, along with service of Plaintiff's Original Petition, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

   **COMES NOW JOSE ANGEL VELA, PLAINTIFF**, pursuant to Rule 196 and 197 of the Texas Rules of Civil Procedure, and propounds the following Interrogatories and Request for Production to **DEFENDANT, FAF, Inc.**     You are hereby instructed to answer the following interrogatories separately, fully, in writing and under oath if required by Rule 197.2(d) of the Texas Rules Civil Procedure. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

   You are further instructed to produce or permit the undersigned attorney, Javier Villarreal, to inspect and copy or reproduce the items hereinafter designated on Request for Production attached hereto.

   Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of The Texas Rule of Civil Procedure.

   Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877

By: _/s/ Javier Villarreal_

Javier Villarreal
State Bar No. 24028097

Daniel Torres
Texas Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiff's First Set of Interrogatories and Request for Production to Defendant, **FAF, Inc.,** was forwarded, in the required manner along with Service of Plaintiff's Original Petition to Defendant at its place of business, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

_/s/ Javier Villarreal_
Javier Villarreal

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY WEBB** §

BEFORE ME, the undersigned authority, personally appeared **FAF, Inc.**, who stated, upon oath, that the statements made in the foregoing instrument are within his/her personal knowledge and are true and correct.

_____

FAF, Inc.

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

_____

Notary Public, State of Texas

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**
Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **FAF, Inc.,** please state your full and correct title and position within the organizational structure of **FAF, Inc.**

**ANSWER:**

**INTERROGATORY NO. 2**
Please state the name(s) of the registered owner of the tractor-trailer that Gerald Ford was operating on August 30, 2010.

**ANSWER:**

**INTERROGATORY NO. 3**
Please state the name of the person or company that employed Gerald Ford to operate the vehicle on August 30, 2010 and **by whom** he was being compensated; **how** he was being compensated (i.e. job; contract; by the hour) and how much.

**ANSWER:**

**INTERROGATORY NO. 4**
Please explain whether Gerald Ford was operating the vehicle with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant, just minutes before the accident happened.

**ANSWER:**

**INTERROGATORY NO. 5**
Please state the address, telephone number, date of birth, driver's license number of Gerald Ford and whether he is still employed by the Defendant.

**ANSWER:**

**INTERROGATORY NO. 6**
What is the name of Gerald Ford's direct supervisor?

**ANSWER:**

**INTERROGATORY NO. 7**
Describe your understanding as to how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

**ANSWER:**

**INTERROGATORY NO. 8**
Was the tractor-trailer operated by Gerald Ford on August 30, 2010 damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

**ANSWER:**

**INTERROGATORY NO. 9**
What is the business purpose of the Defendant and how does is it relate to the tractor-trailer operated by Gerald Ford on August 30, 2010?

**ANSWER:**

**INTERROGATORY NO. 10**
Other than the police report, does the Defendant have in its possession any written or oral **statements** made by the Plaintiffs, Gerald Ford or anyone having first hand knowledge of the events that are the subject of this lawsuit, **including but not limited to**: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

**ANSWER:**

**INTERROGATORY NO. 11**
Are you aware of any conversations Gerald Ford had with the plaintiffs or any other party or witness to this accident. Specify as best as possible what each person said.

**ANSWER:**

**INTERROGATORY NO 12**
State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor-trailer operated by Gerald Ford on August 30, 2010.

**ANSWER:**

**INTERROGATORY NO 13**
Describe in detail what injuries, if any, Gerald Ford received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the workers' compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting Gerald Ford in the claim.

**ANSWER:**

**INTERROGATORY NO 14**
Please explain in detail the application process by which you consider driver's for employment, including but not limited to, written information requested; record checks; references; drug tests; driving tests; written tests.

**ANSWER:**


**INTERROGATORY NO. 15**
Please explain your policy regarding the frequency and method(s) of supervision of a driver such as Gerald Ford.

**ANSWER:**


**INTERROGATORY NO. 16**
Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to Gerald Ford during his employment with you.

**ANSWER:**


**INTERROGATORY NO. 17**
As to each motor vehicle accident Gerald Ford has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept:

      a. Where it occurred (State, City, county, Court).
      b. When it occurred (Month, Day, Year).
      c. All injuries claimed and when and where any claims or suits were filed.
      d. Final disposition or current status of each traffic violation and accident.

**ANSWER:**


**INTERROGATORY NO. 18**
Does the Defendant know whether Gerald Ford had any felony convictions prior to August 30, 2010 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

**ANSWER:**


**INTERROGATORY NO 19**
Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

**ANSWER:**


**INTERROGATORY NO 20**
Has the tractor-trailer involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of August 30, 2010?

**ANSWER:**

## REQUEST FOR PRODUCTION

1.    A copy of Gerald Ford's driver's license.

**RESPONSE:**


2.    A copy of the written records of Gerald Ford's qualification file, as required to be kept by **FAF, Inc.,** pursuant to Title 49 Code of Federal Regulation § 391.51. (Period Required by Law: Length of Employment and Three years thereafter)

**RESPONSE:**


3.    A copy of the written record of Gerald Ford's application for employment, as required to be kept by **FAF, Inc.,** pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

**RESPONSE:**


4.    A copy of the written record of Gerald Ford's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **FAF, Inc.,** pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

**RESPONSE:**


5.    A copy of the written record of Gerald Ford's driver's road test issued to the driver, or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test, as required  to be kept by **FAF, Inc.,** pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

**RESPONSE:**


6.    A copy of the written record of each State agency response to Gerald Ford's annual driver record inquiry, as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations §391.25(a). (Period Required by Law: Three years after date of Execution).

**RESPONSE:**


7.    A copy of the written record of Gerald Ford's annual review as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations§ 391.25(c)(2). (Period Required by Law: Three years after date of Execution).

**RESPONSE:**

8.   A copy of the written record of Gerald Ford's violation of motor vehicle laws and ordinances, as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations§ 391.27. (Period Required by Law: Three years after date of execution).

**RESPONSE:**

9.   A copy of Gerald Ford's vehicle <u>daily inspection reports</u> of the vehicle he was driving on August 30, 2010, as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations§ 396.11(c)(2).

**RESPONSE:**

10.   A copy of the written record of Gerald Ford's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations § 391.43(f).

**RESPONSE:**

11.   A copy of the written record of any controlled substance or alcohol misuse by Gerald Ford, as required to be kept by **FAF, Inc.,** under Title 49, Code of Federal Regulations § 382.401(a).

**RESPONSE:**

12.   Any records or documentation (medical or non-medical) concerning Gerald Ford that would indicate whether Gerald Ford was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

**RESPONSE:**

13.   Any records or documentation (medical or non-medical) concerning Gerald Ford that would indicate that Gerald Ford had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

**RESPONSE:**

14.   Any records or documentation (medical or non-medical) that would indicate that Gerald Ford was a user of any illegal substance(s) within three (3) years preceding the collision in question.

**RESPONSE:**

15.   Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Gerald Ford relating to his

employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

**RESPONSE:**

16.     Please provide Gerald Ford's training record.

**RESPONSE:**

17.     Please provide all materials used by you to train Gerald Ford, including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

**RESPONSE:**

18.     Please provide all receipts signed by Gerald Ford evidencing his receipt of the materials used to train him.

**RESPONSE:**

19.     Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

**RESPONSE:**

20.     Please provide all receipts signed by Gerald Ford evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

**RESPONSE:**

21.     Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

**RESPONSE:**

22.     Please provide any documentation concerning Gerald Ford involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

**RESPONSE:**

23.     Please provide any cell phone bills that would show whether or not Gerald Ford was using a cell phone on August 30, 2010. This request includes, but is not limited to,

cell phone bills for the day of the wreck.

**RESPONSE:**

24.   Please provide any and all documents related to Gerald Ford's employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show Gerald Ford's trip movements for August 30, 2010 and ten (10) days prior.

**RESPONSE:**

25.   Please provide any documentation evidencing the cargo being transported on August 30, 2010 the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

**RESPONSE:**

26.   Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the August 30, 2010 collision.

**RESPONSE:**

27.   Please provide a copy of the title and registration of the vehicle driven by Gerald Ford that is the subject of this lawsuit.

**RESPONSE:**

28.   Please provide documentation evidencing **FAF, Inc.'s** ownership of the vehicle operated by Gerald Ford on August 30, 2010, which is the subject of this lawsuit.

**RESPONSE:**

29.   A copy of the Inspection, Repair and Maintenance of the vehicle driven by Gerald Ford on August 30, 2010.

**RESPONSE:**

30.   All citations or warnings issued by any governmental agency dating one year prior to August 30, 2010, for the vehicle driven by Gerald Ford which is the subject of this lawsuit, regardless of whether Gerald Ford was driving the vehicle when the citation or warning was issued.

**RESPONSE:**

31.     Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the vehicle which Gerald Ford was driving for the period of three (3) years prior to the date of accident, August 30, 2010, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

**RESPONSE:**

32.     All repair orders, repair receipts, and repair estimates for the vehicle driven by Gerald Ford for the period of three (3) years prior to the date of accident, August 30, 2010, and up to the present day.

**RESPONSE:**

33.     All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

**RESPONSE:**

34.     Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiffs and those of the motor vehicle which was driven by Gerald Ford (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

**RESPONSE:**

35.     Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

**RESPONSE:**

36.     Please provide all documents which constitute any and all communication or correspondence between **FAF, Inc.,** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between August 30, 2010 and the day on which you or your liability insurance carrier were notified that **JOSE ANGEL VELA** was represented by legal counsel.

**RESPONSE:**

37.     Please provide all investigation notes, reports, and correspondence which refer to

any aspect of the August 30, 2010 collision made the basis of this claim before notice of this suit was received.

**RESPONSE:**

38.   Please provide all letters, memorandums, and other written correspondence which was sent by **FAF, Inc.,** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

**RESPONSE:**

39.   Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between **FAF, Inc.,** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

**RESPONSE:**

40.   Please provide the recording of the mechanism installed on the vehicle that struck Plaintiffs' automobile that records and documents the time of use/non-use and/or speed of the  truck which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

**RESPONSE:**

41.   Please provide all photographs of the scene of the collision in your possession.

**RESPONSE:**

42.   Please provide all permits or other documents which authorize **FAF, Inc.,** to operate as a Motor Carrier at the time of the August 30, 2010 collision which were issued to you, or filed by you or on your behalf with the United States Department of Transportation.

**RESPONSE:**

43.   Please provide all permits or other documents which authorize the operation of the motor vehicle which Gerald Ford was driving at the time of August 30, 2010 collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

**RESPONSE:**

44.   Please provide all records or documents which you have provided or produced to

any state or federal agency pertaining to the August 30, 2010 collision made the basis of this lawsuit.

**RESPONSE:**

45.   Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

**RESPONSE:**

46.   Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

**RESPONSE:**

47.   In the event that the vehicle in questions was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this vehicle, specifically their "net worth."

**RESPONSE:**

48.   Please provide all discoverable correspondence and other documents sent to any testifying expert.

**RESPONSE:**

49.   Please provide all discoverable correspondence and other documents received from any testifying expert.

**RESPONSE:**

50.   Please provide any and all statements from any witnesses that you intend to use.

**RESPONSE:**

51.   Please provide all and any records indicating an awareness on your part that Gerald Ford was an unsafe driver.

**RESPONSE:**

52.   Please provide all incident reports generated by Gerald Ford or **FAF, Inc.,** relating to the collision on August 30, 2010.

**RESPONSE:**

NO. 2012CVT001144D3

| | |
|---|---|
| JOSE ANGEL VELA<br>Plaintiff, | § IN THE DISTRICT COURT |
| | § |
| V. | § 341st JUDICIAL DISTRICT |
| | § |
| GERALD FORD AND | § |
| FAF, INC. | § |
| Defendants. | § WEBB COUNTY, TEXAS |

# EXHIBIT F

NO. 2012CVT001144D3

| | | |
|---|---|---|
| **JOSE ANGEL VELA**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **341st JUDICIAL DISTRICT** |
| | § | |
| **GERALD FORD AND** | § | |
| **FAF, INC.** | § | |
| **Defendants.** | § | **WEBB COUNTY, TEXAS** |

---

### PLAINTIFF'S REQUEST FOR ADMISSIONS
### TO DEFENDANT, FAF, INC.

---

**TO:** Defendant, **FAF, Inc.**, along with service of Plaintiff's Original Petition, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

**NOW COMES, JOSE ANGEL VELA,** Plaintiff in the above styled and numbered cause, and pursuant to Rule 198 of the Texas Rules of Civil Procedure, make the following Request for Admissions of Fact.

You are notified that Plaintiff demands that within 50 days after the service of these requests, Defendant **FAF, Inc.**, specifically admit or deny the facts requested as set forth on Exhibit "F". A failure to specifically answer any request, or an evasive answer to any request, will be taken as an admission of truth of such request.

Respectfully submitted,

**VILLARREAL & BEGUM, PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel: (956) 544-4444
Fax: (956) 550-0877

By: /s/ Javier Villarreal
　　　Javier Villarreal
　　　State Bar No. 24028097

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiff's Request for Admissions to Defendant, **FAF, Inc.** was forwarded, in the required manner along with Service of Plaintiff's Original Petition to Defendant at its place of business, by serving the registered agent of the company, National Corporate Research, LTD., Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

/s/ Javier Villarreal
Javier Villarreal

## REQUEST FOR ADMISSIONS

1.    Admit that the vehicle driven by **GERALD FORD** on August 30, 2010, was owned by **FAF, Inc.**

**ANSWER:**

2.    Admit that the time of the accident on August 30, 2010, **GERALD FORD**, was acting within the course and scope of his employment with **FAF, Inc.**

**ANSWER:**

3.    Admit that the vehicle driven by **GERALD FORD** was in a dangerous or unsafe condition at the time of the incident made the basis of this suit.

**ANSWER:**

4.    Admit that **GERALD FORD** did not maintain a proper lookout at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

**ANSWER:**

5.    Admit that **GERALD FORD** changed lanes when unsafe at the time of the incident made the basis of this suit and caused the accident.

**ANSWER:**

6.    Admit that **GERALD FORD** turned left when unsafe, thereby causing this accident.

**ANSWER:**

7.    Admit that at the time of the accident of August 30, 2010, **FAF, Inc.,** had negligently entrusted the vehicle the subject of this lawsuit to its employee, **GERALD FORD.**

**ANSWER:**

8.    Admit that **FAF, Inc.,** negligently hired, supervised and/or retained **GERALD FORD** during his employment.

**ANSWER:**

9.    Admit that **JOSE ANGEL VELA** was injured as a direct and proximate result of **GERALD FORD**'s negligence.

**ANSWER:**

10. Admit that **JOSE ANGEL VELA** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

11. Admit that **JOSE ANGEL VELA** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

12. Admit that **JOSE ANGEL VELA** incurred damages as a direct result of the incident which is the subject of this lawsuit.

**ANSWER:**

13. Admit that **JOSE ANGEL VELA** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future,

**ANSWER:**

14. Admit that **JOSE ANGEL VELA** has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future.

**ANSWER:**

15. Admit that **JOSE ANGEL VELA** has suffered mental anguish in the past and in the future.

**ANSWER:**

A True copy of the original, I certify,
the ____28th____ day of __Aug__ , 20 _12_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By: _____ Deputy



### State District Court
### 341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 VICTORIA, P.O. BOX 1598
3RD FLOOR, SUITE 302
LAREDO, TEXAS 78042-1598

**Elma Teresa Salinas Ender**
District Judge

TEL. (956) 523-4325
FAX (956) 523-5055
E-mail: buitron@webbcountytx.com

RE: CAUSE NO: *2012CVT001144D3*

STYLE: JOSE ANGEL VELA

VS

GERALD FORD AND FAF, INC

Please take NOTICE that this case IS SET FOR CALENDAR CALL on the   *1ST*   day of *OCTOBER, 2012* at 1:00 P.M. at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Elma Teresa Salinas Ender.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:

**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

You may contact me for jury selection dates and pre-trial hearing dates.  Keep in mind jury selection must be set within the timeframes recommended by the Texas Supreme Court.

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Maria Rosario Ramirez
Civil Court Coordinator

CRIMINAL DOCKET COORDINATOR
(956) 523-4327

COURT REPORTER
(956) 523-4324

CIVIL DOCKET COORDINATOR
(956) 523-4328

"RETURN"
2012CVT001144 D3

## CITATION

# THE STATE OF TEXAS

COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: GERALD FORD
     2866 WESTVILLE LAKE ROAD
     BELOIT,   OH 44609

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2012CVT001144 D3 , styled:
     JOSE ANGEL VELA, PLAINTIFF
     VS
     GERALD FORD AND FAF, INC., DEFENDANTS
Said Plaintiff's Petition was filed on 07/31/2012 in said court by:
     JAVIER VILLARREAL, ATTORNEY FOR PLAINTIFF
     2401 WILDFLOWER DRIVE SUITE A
     BROWNSVILLE,   TX 78526

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 1 day of August, 2012.

C L E R K   O F   C O U R T



ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Herlinda Torres_                        DEPUTY
    HERLINDA TORRES

**2012CVT001144 D3**

## OFFICER'S RETURN

Came to hand on the _10_ day of _August_, 2012 at _8:38_ O'CLOCK _A_.M. Executed at _2866 Westville Lake Rd_, within the COUNTY of _Columbiana_ at _11:10_ O'CLOCK _A_.M. on the _11_ day of _Aug._, 2012, by delivering to the within named **GERALD FORD**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _41.00_ .

To certify which, witness my hand officially.

_Raymond L. Stone_
SHERIFF, CONSTABLE

_Columbiana_ COUNTY, ~~TEXAS~~
Ohio

BY _Sgt Michael Helman_
DEPUTY

**THE STATE OF TEXAS** }
**COUNTY OF WEBB** }

Before me, the undersigned authority, on this day personally appeared _Sgt. Michael Helman_, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _Gerald Ford_ on the _10th_ day of _August_, _2012_

SWORN TO AND SUBSCRIBED BEFORE ME on the _11th_ day of _August_ _2012_, to certify which, witness my hand and seal of office.

_Deborah J. Ainsley_ NOTARY PUBLIC
Deborah J. Ainsley  State of Ohio
COMMISSION EXPIRES
My Commission Expires May __ Jun 15

A True copy of the original, I certify,
the ____ day of _____, 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By, _____ Deputy